IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUIS DIAZ #528592, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:23-cv-00236 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| EMMANUEL AKINYELE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Luis Diaz, an inmate at Trousdale Turner Correctional Center (TTCC), filed a pro se civil rights complaint under 42 U.S.C. § 1983 against a medical provider at TTCC and the Commissioner of the Tennessee Department of Correction. (Doc. No. 1.) Plaintiff also paid the full filing fee. (Doc. No. 1-2.) The Complaint is before the Court for initial review under the Prison Litigation Reform Act. And as explained below, the Complaint appears to be subject to dismissal as untimely. Therefore, to proceed in this case, Plaintiff must file an Amended Complaint by following the instructions at the end of this Order.

**I. Review of the Complaint**

Because Plaintiff is suing a governmental officer, the Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b); *see also* 42 U.S.C. § 1997e(c)(1) (applying this standard of review to claims "brought with respect to prison conditions"). And because Plaintiff is representing himself, the Court must liberally construe the Complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A. Allegations

This case concerns Plaintiff's medical care at TTCC. Liberally construing the Complaint in Plaintiff's favor, he alleges as follows:

Plaintiff suffers from a painful chronic condition affecting his right foot, diagnosed by a chiropractor as "flat foot." (Doc. No. 1 at 3.) An orthopedist later recommended surgery for this condition, but Plaintiff could not have the surgery because he was incarcerated. (*Id.*) At a prior place of incarceration, Plaintiff received treatment for this condition in the form of "custom arch supports, [a] gel heel cap, . . . [and] orthopedic shoes." (*Id.* at 3–4.) He also received "narcotic and non-narcotic medicine, such as Corticosteroids, [and he] was offered an injection of stronger medicine for the knee." (*Id.* at 3.) Finally, Plaintiff was also "examined by an offsite orthopedist every two weeks." (*Id.* at 4.)

Plaintiff arrived at TTCC in 2016 and informed the medical providers of his foot condition. (*Id.*) Around November 1, 2020, Plaintiff felt a sudden pain in the arch of his right foot, limiting his ability to walk. (*Id.*) Plaintiff informed medical that he was in too much pain to walk, but medical did not allow him to go to the infirmary because it was "count time." (*Id.*) The next morning, Plaintiff informed a nurse that he was in extreme pain and needed treatment, and the nurse told him to submit a sick call request. (*Id.*) The morning after that, Plaintiff gave that same nurse a sick call form requesting "urgent" treatment. (*Id.*)

On November 8, 2020, a TTCC officer asked Plaintiff why he was limping. (*Id.*) Plaintiff responded that he had a foot injury, and that his requests for medical treatment had gone unanswered. (*Id.*) The officer told Plaintiff that he would tell medical that Plaintiff needed to be seen, but medical did not visit Plaintiff. (*Id.*) Plaintiff requested medical treatment again on November 18, 2020. (*Id.*)

On August 21, 2021, Plaintiff was called to the infirmary for a chronic care visit regarding hypertension. (*Id.* at 5.) Plaintiff explained his painful, debilitating foot condition to Defendant Emmanuel Akinyele, a nurse practitioner, but Akinyele refused to accept a sick call request form on this issue. (*Id.*) Plaintiff asked about an x-ray previously taken of his foot, and Akinyele stated that the x-ray showed that Plaintiff did not have a bone fracture in his right foot. (*Id.* at 6.) Akinyele further stated, "Your symptoms are not that serious, but even if I order a test for it and it reveals an injury, I can not do anything and they are not going to do anything about it either." (*Id.*) Plaintiff asked Akinyele for medicine, and Akinyele responded, "you have to buy it from commissary." (*Id.*) Plaintiff explained that the medicine available through commissary did "not help much in relieving pain." (*Id.*) Akinyele instructed Plaintiff to remove his right shoe and sock, looked at Plaintiff's foot for about three seconds, and asked if there was any bruising or swelling. (*Id.*) Plaintiff said, "a little bit," and Akinyele responded, "you'll be OK." (*Id.*) Plaintiff asked for crutches or another mobility aid, and Akinyele refused, stating "We can't just give things to everybody just because they say they need it." (*Id.* at 7.)

Between August 23 and September 1, 2023, Akinyele conducted two sick calls, but on both occasions, he refused to speak with Plaintiff or accept Plaintiff's sick call request forms. (*Id.*) The first time, Akinyele told another inmate who was present that Plaintiff "is faking it." (*Id.*) On September 2, 2021, Akinyele conducted another sick call and asked Plaintiff why he kept coming back; Plaintiff responded, "I told you I have an injury and I am in pain." Akinyele then stated, "I am sending you to see Dr. Owens so you will stop bothering me." (*Id.*)

B. <u>Legal Standard</u>

On initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court

therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

    C.    <u>Analysis</u>

Plaintiff is proceeding under 42 U.S.C. § 1983, which permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). Plaintiff asserts violations of his Eighth Amendment right to be free from deliberate indifference to serious medical needs. (Doc. No. 1 at 8–11.) Before considering the merits of this claim, however, the Court must address whether the claim is timely.

A claim "is subject to dismissal without any further proof if 'the allegations . . . show that relief is barred by the applicable statute of limitations.'" *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). In a Section 1983 case, "'state law determines which statute of limitations applies' while 'federal law determines when the statutory period begins to run.'" *Est. of Majors v. Gerlach*, 821 F. App'x 533, 537 (6th Cir. 2020) (quoting *Harrison v. Michigan*, 722 F.3d at 768, 722–73 (6th Cir. 2013)). The statute of limitations for Section 1983 claims arising in Tennessee is one year. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). And the limitation period "begins to run 'when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred.'" *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 868 n.8 (6th Cir. 2020) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)).

Plaintiff declares under penalty of perjury that he gave the Complaint to prison officials for mailing on March 1, 2023 (Doc. No. 1 at 12), so the Court deems the Complaint filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (applying the "prison mailbox rule" to pro se prisoner complaints). Accordingly, Plaintiff's claims are untimely if they are based on acts that he knew or had reason to know occurred prior to March 1, 2022. Importantly, in the context of a chronic medical issue, only "[a]ctual actions by [defendants] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute of limitations." *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466–67 (6th Cir. 2010). In other words, "any specific instance in which Plaintiff requested, but was denied, necessary medical care could constitute a 'discrete act' for which the Plaintiff was immediately on notice of the deprivation of his rights." *See Moore v. Hopkins Cnty., Ky.*, No. 4:17cv-00039, 2017 WL 3097530, at *5 (W.D. Ky. July 20, 2017) (discussing *Bruce*, 389 F. App'x at 466–67).

Here, Plaintiff alleges that his last interaction with Defendant Akinyele was on September 2, 2021. Plaintiff does not allege any specific instance in which he requested, but was denied, treatment for his chronic foot issue after that point. Indeed, the allegations reflect that Plaintiff may have started receiving treatment for his foot shortly thereafter, as Akinyele allegedly referred Plaintiff to a Dr. Owens on September 2, 2021, and Plaintiff does not provide any allegations about what happened after that. Accordingly, it appears that Plaintiff's Eighth Amendment claim(s) are untimely by about six months.

However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Rather than dismiss the case, the Court will exercise its discretion to give Plaintiff a chance to file an Amended Complaint. For this

purpose, the Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint for prisoners.

II. **Instructions to Plaintiff**

To proceed, Plaintiff **MUST** file an Amended Complaint that identifies one or more specific instances that occurred on or after March 1, 2022, of denying adequate medical treatment for Plaintiff's chronic foot condition. The Amended Complaint must be written in a clear and concise manner, and it must include all the factual allegations, legal claims, and Defendants that Plaintiff wants to pursue regarding the alleged lack of adequate medical treatment for his chronic foot condition. Plaintiff should provide as much detail as possible about how each specific Defendant is responsible for the alleged violation of his rights. That means alleging the approximate time, date, and place that each specific Defendant acted or failed to act in a way that violated Plaintiff's rights. The Amended Complaint will replace the prior complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citation omitted).

Plaintiff **MUST** file the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **No. 3:23-cv-00236**. Plaintiff may request more time to comply before the deadline expires, if necessary. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

When the Court receives the Amended Complaint, it will complete the initial review required by the Prison Litigation Reform Act. If Plaintiff does not file an Amended Complaint, however, the Court will dismiss this case as untimely for the reasons stated in this Order.

Additionally, failure to immediately notify the Court of any change in address may result in dismissal of the case without further Order. M.D. Tenn. L.R. 41.01(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE