IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUIS DIAZ #528592, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-00236 ) |
| EMMANUEL AKINYELE, et al., | ) JUDGE RICHARDSON ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Luis Diaz, an inmate at Trousdale Turner Correctional Center (TTCC), filed a pro se civil rights complaint under 42 U.S.C. § 1983. The Court screened the Complaint and concluded that it appeared to be subject to dismissal as untimely. Rather than dismiss the case, the Court gave Plaintiff an opportunity to file an Amended Complaint. Plaintiff has now filed a properly signed Amended Complaint (Doc. No. 14) and a Motion. (Doc. Nos. 5, 13). As explained below, this case may go forward, and Plaintiff should consult the end of this Order for further instructions.

**I.      Initial Review**

Under the Prison Litigation Reform Act (PLRA), the Court must review the Amended Complaint to dismiss any portion of it that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A. The Court must also construe Plaintiff's pro se pleading to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

      A.      Allegations

This case concerns Plaintiff's medical care at TTCC. The following summary of the allegations is based on a liberal construction of the Amended Complaint and attached

documentation. (*See* Doc. No. 14-1 at 2–4); *Arauz v. Bell*, 307 F. App'x 923, 925 n.1 (6th Cir. 2009) (noting that a court may "consider materials attached to the complaint" for a PLRA-mandated initial review). The Court accepts the following alleged facts as true for present purposes.

Plaintiff suffers from a painful chronic condition affecting his right foot, diagnosed by a chiropractor as "flat foot." (Doc. No. 14 at 12–13.) An orthopedist recommended surgery for this condition, but Plaintiff could not have the surgery because he was incarcerated. (*Id.* at 13.) At a prior place of incarceration, Plaintiff received treatment for this condition in the form of "custom arch supports, [a] gel heel cap, . . . [and] orthopedic shoes." (*Id.*) He also received "narcotic and non-narcotic medicine, such as Corticosteroids[, and he] was offered an injection of steroids for the knee." (*Id.*) Plaintiff was also "examined by an offsite orthopedist every two weeks." (*Id.*)

Plaintiff arrived at TTCC in 2016. (*Id.*) In October 2020, Plaintiff twisted his right foot and felt "excruciating pain." (*Id.* at 5.) This injury exacerbated Plaintiff's chronic condition discussed above. (*Id.* at 2, 7.) The pain was so great that it prevented Plaintiff from walking for "3 to 5 minutes" at a time, and when he did walk, he would sometimes attempt to ease the pain by using a cane or stuffing his shoes with toilet paper, clothing material, and other things. (*Id.* at 5, 7.) Plaintiff submitted medical requests, and they went unanswered. (*Id.* at 5.)

Eventually, a correctional officer asked Plaintiff why he was limping, and Plaintiff explained his foot injury and the lack of response to his medical requests. (*Id.* at 5–6.) The officer told medical that Plaintiff needed attention. (*Id.* at 6.) On December 1, 2020, Nurse Robertson took an x-ray of Plaintiff's foot. (*Id.*) The x-ray did not show an injury, but Plaintiff continued to experience pain and submit medical requests. (*Id.*)

On August 17, 2021, Plaintiff received a pass to visit Defendant Emmanuel Akinyele, a nurse practitioner. (*Id.*) A fellow inmate took Plaintiff to the infirmary in a wheelchair. (*Id.*) Plaintiff explained his painful, debilitating foot condition to Akinyele and attempted to give Akinyele a medical request form on this issue. (*Id.*) Akinyele refused to accept it. (*Id.*) Akinyele stated, "the chart says you do not have an injury. I know everything about your foot medical history. Don't you forget that. Even if I order a test that reveals an injury, I can[]not do anything and they are not going to do anything about it either." (*Id.* at 7.) Plaintiff asked Akinyele for medicine, and Akinyele said that Plaintiff "must buy i[t] from commissary." (*Id.*) Plaintiff explained that prescribed medicine worked much better than commissary medicine, by Akinyele insisted that Plaintiff had to buy it. (*Id.* at 8.) Akinyele told Plaintiff to remove his shoe and sock and asked if there was any bruising or swelling. (*Id.*) Plaintiff said, "a little bit," and before he could get his sock off, Akinyele said, "you'll be OK." (*Id.*) Plaintiff asked for crutches or another mobility aid, and Akinyele refused, stating "We can't just give things to everybody just because they say they need it." (*Id.*)

Between August 23 and September 1, 2021, Akinyele conducted two sick calls, but on both occasions, he refused to speak with Plaintiff or accept Plaintiff's sick call request forms. (*Id.* at 9.) The first time, Akinyele told another inmate who was present that Plaintiff "is faking it." (*Id.*) On September 2, 2021, Akinyele conducted another sick call and asked Plaintiff why he kept coming back; Plaintiff responded, "I told you I have an injury and I am in pain." Akinyele then stated, "I am sending you to see Dr. Owens so you will stop bothering me." (*Id.*) However, Plaintiff was "still being denied pain treatment" as of May 15, 2023. (*Id.* at 15.)

B.  Legal Standard

On initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470– 71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

C.  Analysis

Plaintiff is proceeding under 42 U.S.C. § 1983, which permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). Plaintiff asserts violations of his Eighth Amendment right to be free from deliberate indifference to serious medical needs. (Doc. No. 14 at 9–15.) He brings this case against Nurse Practitioner Akinyele and Frank Strada, the Commissioner of the Tennessee Department of Correction (TDOC). (*Id.* at 3.)

1.  *Timeliness*

The Court initially gave Plaintiff an opportunity to file Amended Complaint because his claims appeared to be untimely. (Doc. No. 3 at 4–5.) Plaintiff now alleges that his claims are timely because the statute of limitations was tolled while he exhausted required administrative remedies through the prison grievance procedure. (*See* Doc. No. 14 at 4–5.) Based on these allegations and the supporting documentation attached to the Amended Complaint, the Court will not dismiss this case as untimely as this time.

The statute of limitations for Section 1983 claims arising in Tennessee is one year. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). The

limitation period "begins to run 'when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred.'" *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 868 n.8 (6th Cir. 2020) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)). In the context of a chronic medical issue, only "[a]ctual actions by [defendants] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute of limitations." *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466–67 (6th Cir. 2010).

Here, Plaintiff alleges that Defendant Akinyele denied medical treatment on August 17, 2021, and twice between August 23 and September 1, 2021. A one-year limitation period would have ordinarily began running on the dates of those denials. But "[t]he statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies." *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)). And Plaintiff alleges that he filed a grievance regarding Akinyele's denial of medical treatment on August 17, 2021 ("August 17 grievance"), that remained pending until March 8, 2022. (Doc. No. 14 at 4–5.) Plaintiff supports this allegation with documentation. (Doc. No. 14-1 at 2–4.) This August 17 grievance arguably exhausted administrative remedies not just for Akinyele's alleged denial of medical treatment on August 17, but also for Akinyele's later alleged denials of medical treatment. *See Morgan v. Trierweiler*, 67 F.4th 362, 369–70 (6th Cir. 2023) (collecting cases) ("Where there is 'one, continuing harm' or a single course of conduct (which can lead to discrete incidents of harm), filing repeat grievances is unnecessary."); *see also id.* at 370 (citing *Ellis v. Vadlamudi*, 568 F. Supp. 2d 778 (E.D. Mich. 2008) (noting with approval a district court's holding that "one notice covered all claims related to" a "plaintiff's ongoing medical condition that required intervention" where "the state ignored" the condition).

For the purpose of initial review, the Court accepts as true Plaintiff's allegation regarding the timing of the August 17 grievance. For claims regarding Akinyele's alleged denial of medical treatment, therefore, the Court considers the limitation period tolled until the August 17 grievance was no longer pending, on March 8, 2022. Plaintiff filed this case within one year of that date, on March 1, 2023. (*See* Doc. No. 1 at 12 (declaring under penalty of perjury that Plaintiff gave the original complaint to prison official for mailing on that date); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (applying the "prison mailbox rule" to pro se prisoner complaints). Accordingly, the Court will not dismiss this case as untimely based on the face of the pleadings.

2. *Defendant Akinyele*

Plaintiff sues Defendant Akinyele in his individual capacity only. "[A]n individual-capacity claim seeks to hold an official personally liable for the wrong alleged." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013)). As a convicted prisoner, Plaintiff has an Eighth Amendment right to be free from deliberate indifference to serious medical needs. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citation omitted). To state a claim on this basis, Plaintiff must show, objectively, that he had a sufficiently serious medical need, and subjectively, that an official knew of and disregarded that medical need. *See Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (citations omitted).

Accepting the allegations as true, Plaintiff states a claim of deliberate indifference to serious medical needs against Akinyele for allegedly denying treatment for Plaintiff's alleged right foot condition on August 17, 2021, and twice thereafter. S*ee Briggs v. Westcomb*, 801 F. App'x 956, 959–60 (6th Cir. 2020) (citing *Lemarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001)

("[B]oth insufficient treatment and a delay in giving treatment may violate the Eighth Amendment.")).

### 3. *Defendant Strada*

Plaintiff sues Defendant Strada in his official capacity only, seeking injunctive relief in the form of medical treatment. (Doc. No. 14 at 15.) "An official-capacity claim against a person is essentially a claim against the" entity that the person represents. *Peatross*, 818 F.3d at 241 (citing *Essex*, 518 F. App'x at 354). As the TDOC Commissioner, Defendant Strada represents the State of Tennessee. *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (citations omitted). Under the *Ex Parte Young* doctrine, a plaintiff may "bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (citing *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)). This doctrine applies where a plaintiff "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (internal citations and quotation marks omitted).

The Court will not dismiss Plaintiff's request for injunctive relief at this time. Plaintiff alleges an ongoing violation of his right to be free from deliberate indifference to serious medical needs related to his foot injury, in that he is allegedly "still being denied pain treatment." (Doc. No. 14 at 15.) And Plaintiff's requested injunction—an order requiring the provision of medical treatment—is properly characterized as prospective. *See Delaughter v. Hatten*, 596 F. Supp. 3d 652 (S.D. Miss. 2022) (ordering the prospective injunctive relief of surgery for a prisoner where the prisoner prevailed at trial on claim of deliberate indifference to serious medical needs). That is not to say that Plaintiff necessarily will ultimately receive this injunctive relief; even if he ultimately does establish a constitutional violation, such relief potentially could be denied him.

Commissioner Strada will nonetheless remain as a Defendant in his official capacity only, so that a state official with authority to provide the requested injunctive relief is a party to this case in the event that Plaintiff demonstrates an entitlement to it.

## II. Conclusion and Referral to the Magistrate Judge

For these reasons, Plaintiff may proceed with a claim for deliberate indifference to serious medical needs against Defendant Emmanuel Akinyele in his individual capacity. Plaintiff may also proceed with his request for injunctive relief against Defendant Frank Strada in his official capacity.

The Court's determination that the Amended Complaint states a colorable claim for purpose of this initial screening does not preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This case is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

## III. Instructions to Plaintiff and Denial of Pending Motion

There are two Defendants in this case: Emmanuel Akinyele and TDOC Commissioner Frank Strada. It is Plaintiff's responsibility to ensure that both Defendants are served with summons and the Amended Complaint. The Clerk is **DIRECTED** to send Plaintiff two service packets (a blank summons and USM 285 form) and the Court's Information Sheet for pro se prisoners titled "Service of Process in Civil Rights Cases."[1]

---

[1] Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

Plaintiff **MUST** complete a service packet for each Defendant and return it to the Clerk's Office within **30 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

Failure to return a completed service packet by the deadline could lead to dismissal of this case, but Plaintiff may request more time to comply with this Order, if necessary. Also, this case may be dismissed if Plaintiff fails to notify the Clerk's Office of any change in address.

Finally, the Court notes that Plaintiff filed a Motion asking the Court to order TTCC or CoreCivic officials to provide an address at which Defendant Akinyele can be served, asserting that he does not know that information himself. (Doc. No. 5 (motion); Doc. No. 13 (supporting memorandum with handwritten signature).) This Motion (Doc. No. 5) is **DENIED without prejudice** as premature, as Plaintiff has not yet attempted to fulfill his responsibility of serving Defendant Akinyele. If Plaintiff proves unable to serve on Defendant Akinyele, Plaintiff may renew his request for the Court's assistance if he can demonstrate good cause for the request.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE